UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

VIRGINIA GELISH DREW, *as trustee of the*
ALEXANDER HALAKEWICZ TRUST and
ALEXANDER HALAKEWICZ, *individually*,

                    Plaintiff,

                - against -

MIROSLAW MALINOWSKI a/k/a MIREK
MALINOWSKI, EMMA SULEYMANOVA,
BEATRICE KENNEDY and DMITRY YAKUBOV,

                    Defendants.

---------------------------------------------------------------- X

Index No. 18-cv-6310

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Virginia Gelish Drew ("Drew"), *as trustee of the* Alexander Halakewicz Trust, and Alexander Halakewicz ("Halakewicz"), *individually* (Drew and Halakewicz shall be collectively referred to as "Plaintiffs"), by and through their attorneys, Rosenberg & Estis, P.C., and as for their Complaint, allege the following:

### SUBJECT MATTER JURISDICTION

1.      The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000.00, Plaintiffs are both citizens of Arizona, and upon information and belief, all defendants are citizens of New York. Thus, true diversity exists among the parties.

### VENUE

2.      Venue is proper under 28 U.S.C §1391(b)(2) as a substantial part of the events and/or omissions giving rise to the claim occurred in the Eastern District of New York.

## HEALTH OF PLAINTIFF

3.    It must be brought to the Court's attention that Halakewicz is 92 years old and is currently in hospice care in Arizona, having been diagnosed with numerous ailments, including, without limitation, Alzheimer's disease.   Drew is filing this action on behalf of Halakewicz, as his attorney-in-fact pursuant to a Power of Attorney New York Statutory Short Form, dated February 13, 2018. As such, Plaintiffs will be requesting an expedited discovery schedule at the Rule 26(f) Conference.

## JURY DEMAND

4.    Plaintiff hereby demands that this matter be tried before a jury pursuant to FRCP 38(b)(1) on all issues pleaded herein.

## NATURE OF ACTION

5.    This matter is brought under New York State law for, among other things, breach of fiduciary duties, conversion, rescission and reformation of leases, ejectment, use and occupancy, and rental arrears in connection with Miroslaw Malinowski a/k/a Mirek Malinowski's ("Malinowski") preying upon Halakewicz, a senior citizen with a diminished capacity. Malinowski used Halakewicz as his personal piggy-bank by depleting Halakewicz's bank accounts and by entering into self-serving and inequitable lease transactions that grossly devalued a multi-family building formerly owned by Halakewicz and currently owned by the Trust, located in the Greenpoint neighborhood of Brooklyn, New York.

6.    As a result of Malinowski's repugnant and condemnable actions, Plaintiffs have incurred significant monetary damages.

7.    Plaintiffs have chosen to file in the United States District Court, Eastern District of New York due to the fact the Court has diversity jurisdiction over the claims raised herein.

## THE PARTIES

8.    Drew, an individual and resident of the State of Arizona, is the sister of Halakewicz and the sole trustee of the Alexander Halakewicz Irrevocable *Inter Vivos* Trust, established on February 15, 2018 (the "Trust").

9.    She is also the designated agent of Halakewicz pursuant to a Power of Attorney New York Statutory Short Form, dated February 13, 2018.

10.    Halakewicz is an individual and resident of the State of Arizona.

11.    Drew has the full and complete authority bring the instant action on behalf of the Trust and Halakewicz.

12.    Halakewicz is the sole lifetime beneficiary of the Trust.

13.    The building known as and located at 247 Nassau Avenue, Brooklyn, New York 11222 (the "Building") was transferred by Halakewicz to the Trust pursuant to a deed, dated February 15, 2018.

14.    Upon information and belief, defendant Malinowski is an individual and resident of the State of New York, having an address at 247 Nassau Avenue, Apartment 2F, Brooklyn, New York 11222 (the "Malinowski Apartment").

15.    Upon information and belief, defendant Emma Suleymanova ("Suleymanova") is an individual and resident of the State of New York, having an address at 247 Nassau Avenue, Apartment 2R, Brooklyn, New York 11222 (the "Suleymanova Apartment").

16.    Upon information and belief, defendant Beatrice Kennedy ("Kennedy") is an individual and resident of the State of New York, having an address at 247 Nassau Avenue, Apartment 4R, Brooklyn, New York 11222 (the "Kennedy Apartment").

17.    Upon information and belief, defendant Dmitry Yakubov ("Yakubov") is an individual and resident of the State of New York, having an address at 247 Nassau Avenue,

Apartment 4F, Brooklyn, New York 11222 (the "Yakubov Apartment").  Malinowski, Suleymanova, Kennedy and Yakubov shall collectively be referred to herein as "Defendants." Suleymanova, Kennedy and Yakubov shall collectively be referred to herein as the "Occupants."

## FACTUAL BACKGROUND

### A.    Halakewicz and his Ownership of the Building

18.    Upon information and belief, the Building, constructed in 1936, has four (4) stories and contains seven (7) residential units.  In addition, there are two vacant retail units on the ground level.

19.    Halakewicz, who previously resided alone on the first (1st) floor of the Building before moving to Arizona, inherited the Building in 1993 and owned it until February 15, 2018, when it was conveyed to the Trust.

20.    Due to Halakewicz's elderly state and recent diagnosis of Alzheimer's disease, along with the egregious facts alleged herein, the Trust was formed to protect the Building and Halakewicz from further financial devastation at the hands of Malinowski.

21.    Halakewicz was relocated to Arizona on February 16, 2018, to permanently live with Drew and her husband, who presently oversee his medical care and manage his finances.

### B.    Malinowski Takes Advantage of Halakewicz

22.    Apparently recognizing the decline of Halakewicz's health and mental capacity, Malinowski, a tenant of the Building since approximately 2004, befriended Halakewicz in 2016.

23.    Malinowski offered to assist Halakewicz in connection with his daily living needs, his medication, and his duties as owner and manager of the Building.

24.    In reliance upon Malinowski's offer, Halakewicz trusted Malinowski with his finances, allowing Malinowski to use his credit card and issuing Malinowski personal checks

under the belief that Malinowski was making purchases in connection with Halakewicz's health care needs and Building maintenance.

25.     Upon information and belief, at some point in 2017, Malinowski began living with Halakewicz in Halakewicz's apartment.

26.     Malinowski eventually convinced Halakewicz to issue him two letters ("Authorization Letters"), both dated December 16, 2017.

27.     In connection with the Building, one letter purportedly authorized Malinowksi to "add an additional tenant(s) to share and/or sub-lease either [Apartment 2F, 2R, 4F and 4R in the Building]."

28.     The other letter authorized and assigned Halakewicz's personal checking account to Malinowski, identified therein as his "personal care person," to "own or disburse whichever balance have left [sic] on the account for ether [sic] personal or building expenses."

29.     In furtherance of his pursuit to assert complete control over Halakewicz's financials, Malinowski had himself appointed Power of Attorney for Halakewicz on December 20, 2017, granting himself authority pursuant to the New York General Obligations Law with respect to every aspect of Halakewicz's life, including, without limitation, real estate and banking transactions.

30.     Upon information and belief, as power of attorney, Malinowski added his name on at least two (2) of Halakewicz's personal bank accounts at Capitol One Bank and Deutsch Bank.

31.     In reality, by asserting his undue influence and gaining the trust of Halakewicz, Malinowski was perpetrating a scheme to swindle money from Halakewicz, using

Halakewicz's Chase Bank credit card for his own individual gain and depositing checks issued by Halakewicz into his personal bank account.

32.     Malinowksi's spending of Halakewicz's money began in 2016, when he deposited and/or cashed checks that Halakewicz made out to him, totaling $16,710.00 through November 2016.

33.     Malinowski's streak of corruption and deceit blossomed during the period of December 2016 through February 2018, making 1,281 charges on Halakewicz's credit card, totaling $44,790.00, and receiving 92 checks made payable to Malinowksi and/or "cash," totaling $147,300.00, including a January 3, 2018 check made payable to Malinowski in the amount of $80,000.00.

34.     To illustrate the egregiousness of Malinowski's conduct (1) on October 24, 2017, he entered into 123 separate transactions using Halakewicz's credit card; and (2) on February 8, 2018, he charged $6,355.29 at a Chanel store while Halakewicz was at a family outing with Drew on Long Island.

35.     Conveniently, during this same time period, Malinowski avoided paying rent at the Building in the amount of $1,115.64 per month pursuant to his then-current and most recent rent-stabilized renewal lease, which expired on December 31, 2016 (the "Malinowski 2014 Lease").

36.     Upon information and belief, Malinowski has not paid rent and/or use and occupancy since, at least, January 1, 2017.

**C.    Leases Given to Apartments 2R, 4R and 4F**

37.     Notwithstanding that Apartments 2R, 4R and 4F had been kept vacant for several years by Halakewicz without any plan or desire to rent them, in late 2017, Malinowski orchestrated the issuance of purported rent stabilized leases for these units to the Occupants at

severely depressed rental amounts of $200 per month, which is but a fraction of the legal, stabilized rents and even less than fair market value of approximately $2,000 per month for each apartment.

38.     Apartment 2R is occupied by Suleymanova pursuant to a purported lease dated November 1, 2017, with term through October 31, 2019 (the "Suleymanova Lease"). According to the Suleymanova Lease, the legal regulated rent for the apartment was $1,070.27 per month.

39.     Apartment 4R is occupied by Kennedy pursuant to a purported lease dated December 1, 2017, with term through November 30, 2019 (the "Kennedy Lease").  According to the Kennedy Lease, the legal regulated rent for the apartment was $822.78 per month.

40.     Apartment 4F is occupied by Yakubov pursuant to a purported lease dated December 23, 2017, with term through December 31, 2019 (the "Yakubov Lease").  According to the Yakubov Lease, the legal regulated rent for the apartment was $758.72 per month.  The Suleymanova Lease, the Kennedy Lease and the Yakubov Lease shall be referred to collectively herein as the "Purported Leases".

41.     Upon information and belief, Malinowski negotiated the terms of the Purported Leases without performing background searches or credit checks of the Occupants.

42.     Further, upon information and belief, the Occupants were well aware of Halakewicz's condition and diminished mental capacity, and the fact that Malinowski was not the owner of the Building when they were presented with the Purported Leases by Malinowski.

43.     Instead of questioning the legitimacy or attempting to inquire directly with Halakewicz, the Occupants advantageously and inexcusably took advantage of the rental rate being offered by Malinowski, knowing that such a cut-rate deal in the competitive real estate market of

Greenpoint, Brooklyn was (a) too good to be true; or (b) were being offered only in exchange for additional and unlawful compensation to Malinowski.

44.     Malinowski used his influence to convince Halakewicz to sign the Purported Leases and failed to furnish copies of the Purported Leases to Halakewicz.

45.     Until recently, Halakewicz and Drew were unaware of the Purported Leases or the occupancy of the Occupants in the Building.

46.     No use and occupancy has been received by Plaintiffs from Kennedy to date.

47.     Upon information and belief, Yakubov, Suleymanova and non-party "Rena Suleymanova" sent money orders of $200.00 per month to Halakewicz in January and February 2018, each money order having been purchased on the same date, at the same post office, and containing the same handwriting.

48.     There is no record of Rena Suleymanova living at the Building.

49.     Upon information and belief, Malinowski deposited the money orders into Halakewicz's bank account in an attempt to "consummate" the Purported Leases.

50.     Upon information and belief, other than the two aforementioned money orders by Yakubov and Suleymanova, the Occupants have otherwise failed to pay rent pursuant to the Purported Leases.

51.     Plaintiffs refuse to acknowledge the Purported Leases.

52.     Upon information and belief, to date, the Occupants remain in occupancy of their respective units at the Building.

**D.     Malinowski's Lease History and Termination**

53.     Upon the expiration of the Malinowski 2014 Lease on December 31, 2016, he remained in possession of the Malinowski Apartment and has willingly refused to pay rent

since, well aware that Halakewicz, due to his deteriorating condition, was unable to manage the dealings of the Building or discover that a renewal was required.

54.      Pursuant to Rent Stabilization Code ("RSC") Sections 2523.5(a) and 2523.5(c), on August 2, 2018, the Trust delivered to Malinowski a late renewal offer ("Late Offer"), offering to renew the term of the Malinowski 2014 Lease beyond December 2016, giving Malinowski the option to renew said lease in accordance with the RSC.

55.      Pursuant to RSC Section 2523.5(a) and 2523.5(c), Malinowski was required to execute and return one of the renewal lease forms included in the Late Offer within sixty (60) days from the date thereof.

56.      As Malinowski failed and refused to return an executed renewal lease within the time period set forth in the Late Offer, the Trust served Malinowski with a Notice of Termination pursuant to Section 2524.2(c)(1) of the RSC, requiring Malinowski to vacate and surrender possession of his apartment on or before October 31, 2018.

57.      In response to being served with the Notice of Termination, on October 18, 2018, Malinowski provided counsel for the Trust with a purported lease renewal, dated December 2, 2017 (the "Purported Malinowski 2017 Lease").

58.      Malinowski failed to provide Halakewicz with the Purported Malinowski 2017 Lease and failed to otherwise advise Halakewicz that the Malinowski 2014 Lease had purportedly been renewed.

59.      Upon information and belief, Malinowski orchestrated the terms of the Purported Malinowski 2017 Lease and used his influence to convince Halakewicz to sign the Purported Malinowski 2017 Lease.

60.    On top of that, despite paying $1,115.64 per month as a rent stabilized rent in connection with the Malinowski 2014 Lease, Malinowski had the impudence to reduce his own rent to $250.00 per month through December 31, 2019 by the Purported Malinowski 2017 Lease.

61.    Upon information and belief, it was Malinowski himself who prepared the Purported Malinowski 2017 Lease and determined that his rent should be reduced <u>by approximately 75%.</u>

62.    To date, Malinowski has yet to comply with the directives of the Notice of Termination and, upon information and belief, is still in possession of the Malinowski Apartment.

63.    Moreover, Malinowski has failed and refused to pay rent and/or use and occupancy for the Malinowski Apartment since, at least, January 1, 2017.

64.    Plaintiffs refuse to acknowledge the Purported Malinowski 2017 Lease and consider him a holdover tenant with no rights to the Malinowski Apartment.

**E.    Malinowski's Scheme is Discovered**

65.    During the course of 2017, Drew was under the impression that Halakewicz was being cared for by Malinowski, that their friendship was authentic in nature and decisions were made in Halakewicz's best interests.

66.    Prior to a regular trip to New York to visit Halakewicz in early 2018, Drew discovered that Malinowski had been cheating Halakewicz since late 2016 by checking the online banking history and viewing the monthly statements on Halakewicz's accounts.

67.    In February 2018, Drew traveled to New York and noticed that Halakewicz's health and welfare had severely declined, and that his apartment at the Building was barren.  All of the family furniture had vanished and there were no sheets on Halakewicz's bed.

68.    Halakewicz's apartment was in a dilapidated state, bereft of food and lacking in re-filled medications.  In addition Halakewicz's safe had been opened and Halakewicz

advised Drew that some of his personal items, such as valuable gold coins, had been sold off by Malinowski.

69.     After consulting with an attorney, a Revocation of Power of Attorney form was executed by Halakewicz, on February 13, 2018 revoking any and all power of attorney appointments made to Malinowski.

70.     Drew was appointed power of attorney, the Trust was created and the Building conveyed to Drew, as trustee of the Trust.

71.     In addition, Balis Realty Corp. ("Balis"), a Greenpoint, Brooklyn-based real estate management company, was retained by Drew to manage the Building, including, without limitation, the collection of rent and performance of maintenance.

72.     To date, none of the Defendants have acknowledged Balis or the Trust as representatives of management of the Building.

73.     Since relocating to Arizona, Halakewicz has received diagnoses of Alzheimer's disease and has been referred to hospice care.  He suffers from depression and his doctors believe that his mental health and memory has been in decline for an extended time.

**F.     Plaintiffs' Discovery of Occupants' Purported Tenancies**

74.     Upon being advised by Balis that the previously vacant apartments of 2R, 4R and 4F were being occupied, in July 2018, Plaintiffs served a Notice of Termination of License and Ten (10) Day Notices to Quit.

75.     As Plaintiffs did not have any lease agreements with respect to the units and were otherwise not aware of who may be in occupancy, the recipients named in the notices were "John Doe" and "Jane Doe."

76.     After serving the aforementioned notices, Plaintiffs were stunned upon the Trust's counsel's receipt of the Yakubov Lease from Yakubov.

77.     Kennedy contacted the offices of Plaintiffs' counsel, identifying herself and offering to produce a lease for her apartment, however, failed to deliver on said promise.

78.     In August 2018, Plaintiffs commenced two separate licensee holdover proceedings in Kings County Civil Court under L&T Index Nos. 80194/18 and 80193/18.

79.     The proceedings were commenced against "John Doe" and "Jane Doe" as the identities of Suleymanova and Kennedy were unknown to Plaintiffs at the time.

80.     On the September 6, 2018 appearance date in connection, the Trust's counsel was equally astonished when Suleymanova and Kennedy personally appeared and provided the Suleymanova Lease and Kennedy Lease.

81.     In order to reassess Plaintiffs' claims and further investigate the circumstances surrounding the Purported Leases, Plaintiffs opted to discontinue to licensee holdover proceedings without prejudice.

## G.     Defendants' History of Non-Payment

82.     Notwithstanding that the Purported Leases and the Purported Malinowski 2017 Lease should be rescinded as a result of the impropriety and self-dealing clouding their formation, Defendants have collectively and purposely neglected to pay rent and/or use and occupancy to Halakewicz or to the Trust.

83.     Upon information and belief, Malinowski has failed to pay rent and/or use and occupancy for the Malinowski Apartment to Plaintiffs since January 1, 2017, in amount believed to be not less than $25,659.72.

84.     Upon information and belief, Suleymanova has failed to pay any use and occupancy for the Suleymanova Apartment to Plaintiffs since November 1, 2017, the fair amount of which, if any, shall be determined by the Court.

85.     Upon information and belief, Kennedy has failed to pay any use and occupancy for the Kennedy Apartment to Plaintiffs since December 1, 2017, the fair amount of which, if any, shall be determined by the Court.

86.     Upon information and belief, Yakubov has failed to pay any use and occupancy for the Yakubov Apartment to Plaintiffs since January 1, 2018, the fair amount of which, if any, shall be determined by the Court.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duties against Malinowski under New York Law)

87.     Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

88.     The aforementioned conduct between Malinowski and Halakewicz, beginning in 2016 and terminating in February 2018, gave rise to a relationship that was undoubtedly fiduciary in nature.

89.     In December 2017, by way of the Authorization Letters, Halakewicz purportedly designated Malinowski as his "personal care person," assigned him the balance of his personal checking account and authorized Malinowski to lease certain vacant apartment units in the Building.

90.     Later that month, Malinowski had himself appointed power of attorney for Halakewicz, memorializing Malinowksi's fiduciary duties of care and loyalty that were seemingly created the prior year.

91.     During the course of their fiduciary relationship, Malinowski took advantage of the elderly and mentally unfit Halakewicz, spending approximately $44,790.00 for personal items on Halakewicz's credit card by way of approximately 1,300 separate transactions, and convincing Halakewicz to issue him approximately 100 checks, including an $80,000.00 check

in January 3, 2018, all of which were deposited directly in Malinowski's bank account and/or cashed by Malinowski.

92.     Instead of using the monies to assist the elderly Halakewicz, Malinowski used the money for his own personal gain, spending on items such as luxury goods, clothing and food.

93.     In addition, Malinowski offered the dubious and self-enriching $200 per month Purported Leases to the Occupants for units that were previously vacant and intended to remain vacant in anticipation of Halakewicz's sale of the Building.

94.     Despite paying a prior legal rent of $1,115.64 per month, for no apparent reason other than his own personal benefit and to the detriment of the Building's value, Malinowski issued himself the $250 per month Purported Malinowski 2017 Lease for the Malinowski Apartment.

95.     As a result of Malinowski's subversive and appalling actions, he undoubtedly breached the fiduciary nature of his relationship with Halaewicz.

96.     As a direct result of Malinowski's misconduct, Halakewicz and the Trust have suffered substantial damages.

97.     By reason of the foregoing, Plaintiffs have suffered damages, in an amount not less than $500,000.00, plus interest, costs and attorneys' fees, the full amount of which shall be established at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Conversion against Malinowski under New York Law)

98.     Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

99.     Prior to Malinowski's forging of his fiduciary relationship with Halakewicz, Halakewicz had full and complete control over his finances, including, without limitation, his personal bank accounts and credit cards.

100.    In derogation of Halakewicz's rights and without Halakewicz's authority, Malinowski assumed control over Halakewicz's financials, utilizing Halakewicz's credit card, bank and retirement accounts as if they were his own, impermissibly holding himself out to be permitted to exercise such control and interfering with Halakewicz's possessory rights.

101.    By reason of the foregoing, Plaintiffs have suffered damages, in an amount not less than $500,000.00, plus interest, costs and attorneys' fees, the full amount of which shall be established at trial.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Constructive Trust against Malinowski under New York Law)**

102.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

103.    In 2016, Malinowski inserted himself as the caretaker for the elderly and infirm Halakewicz, gaining the trust of Halakewicz and initiating a fiduciary relationship of loyalty and trust.

104.    In reliance upon Malinowski's promise to take care of him and looking out for his daily needs, upon information and belief, Halakewicz permitted Malinowski to use his credit card and issued him personal checks.  These monies were intended to benefit the Building and to allow Malinowski to purchase items for the well-being of Halakewicz, including food and medication.

105.    In late 2017, Halakewicz purportedly assigned the rights to his bank account and to the Building to Malinowski, and designated Malinowski as his power of attorney.

106.    Instead of acting as a fiduciary and looking out for the best interests of Halakewicz and the Building, Malinowski took advantage of the relationship and pilfered large sums of money from Halakewicz, which he has either spent or currently retains to date.

107.    By way of Malinowski's manipulation, deceit and self-dealing, he has become unjustly enriched at the expense of Halakewicz.

108.    Malinowski should not be permitted in good conscience to retain the beneficial interest of the monies he received from Halakewicz during the course of their fiduciary relationship.

109.    By reason of the foregoing, a constructive trust should be imposed on the monies provided to Malinowski, in an amount to be determined at trial, to satisfy the demands of justice.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Permanent Injunction under New York Law against Malinowski)**

110.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

111.    As a result of Malinowski's wrongdoing, Halakewicz has been and is being irreparably injured in that Malinowski, upon information and belief, is still in possession of Halakewicz's banking and credit card information, as well as monies that rightfully belong to Halakewicz.

112.    Plaintiffs do not have an adequate remedy at law and will be irreparably injured absent the injunctive relief herein requested.

113.    By reason of the foregoing, Halakewicz is entitled to a permanent injunction enjoining and restraining Malinowski from utilizing Halakewicz's banking and credit card

information and/or using monies rightfully belonging to Halakewicz, for any reason whatsoever, including, without limitation, funding Malinowski's defense of this Action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Rescission of the Purported Leases against the Occupants under New York Law)

114.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

115.    The Purported Leases were prepared and negotiated by Malinowski under false pretenses, unjustly at the expense of Halakewicz.

116.    But for Malinowski's taking advantage of Halakewicz, the Purported Leases would not have been offered to the Occupants, as these apartments were to remain vacant in light of Halakewicz's intention to eventually sell the Building.

117.    The $200 per month preferential rent rate offerings to the Occupants, not coincidentally occurring over the span of two (2) months in December 2017 and January 2018, when Malinowski was exerting dominance over Halakewicz and the Building, are a product of unconscionable conduct and function to significantly diminish the value of the Building.

118.    The mere offering of the Purported Leases and the cut-rate rental rates offered therewith should not be honored by law due the misguided and self-serving intentions of the respective parties involved, as well as the latent collusion that appears to have existed between Malinowski and the Occupants.

119.    The unjustified and mistaken actions by the Defendants, whether intentional or not, upsets the very basis for the Purported Leases in such a way that materially effects their foundation.

120.    Neither Malinowski nor the Occupants should be allowed to enrich themselves unjustly at Halakewicz's expense due to the impropriety of the Purported Leases.

121.    By reason of the foregoing, the Purported Leases should be rescinded.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Use and Occupancy against the Occupants under New York Law)**

122.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

123.    Plaintiffs have suffered damages as a result of the Occupants having entered into possession as a result of the Purported Leases and thereafter continuing to use and occupy their respective units, without paying Plaintiff any use and occupancy therefor.

124.    By reason of the foregoing, upon rescinding the Purported Leases, the Trust is entitled to a money judgment against the Occupants for the fair market value of their use and occupancy of their respective premises for the period when the Defendants respectively entered into possession of their premises until such time as the Trust obtains possession of same (the "Occupants' Occupancy Period"), in amount to be determined at trial, but not less than the monthly legal rent stabilized rents set forth therein for the entire Occupants' Occupancy Period.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Ejectment against the Occupants under New York Law)**

125.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

126.    Upon rescinding the Purported Leases, the Occupants should be ejected from the Building.

127.    By reason of the foregoing, the Trust is entitled to an order and judgment that: (a) the Occupants and all occupants residing within the Suleymanova Apartment, the Kennedy Apartment and the Yakubov Apartment be immediately ejected therefrom; and (b) the Trust be awarded exclusive possession of the Suleymanova Apartment, the Kennedy Apartment and the Yakubov Apartment.

## <u>AS AND FOR AN EIGHTH CAUSE OF ACTION</u>
**(Rent Arrears and Ejectment against Occupants under New York Law)**

128.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

129.    Alternatively, if this Court is included to uphold the Purported Leases, the Trust is entitled to the rental arrears owed by Kennedy, Yakubov and Suleymanova since the inception of their respective tenancies at the Building.

**<u>Kennedy</u>**

130.    Pursuant to the Kennedy Lease, Kennedy agreed to pay $200 per month commencing as of December 1, 2017.

131.    Kennedy has failed to pay rent in connection with her tenancy at the Kennedy Apartment, from December 1, 2017 to the present, in an amount to be determined at trial.

**<u>Yakubov</u>**

132.    Pursuant to the Yakubov Lease, Yakuov agreed to pay $200 per month commencing as of January 1, 2018.

133.    Yakubov has failed to pay rent in connection with his tenancy at the Yakubov Apartment, from January 1, 2018 to the present, in an amount to be determined at trial.

**<u>Suleymanova</u>**

134.    Pursuant to the Suleymanova Lease, Suleymanova agreed to pay $200 per month commencing as of November 1, 2017.

135.    Suleymanova has failed to pay rent in connection with her tenancy at the Suleymanova Apartment, from November 1, 2017 to the present, in an amount to be determined at trial.

136.    By reason of the foregoing, the Trust is entitled to (1) a money judgment (a) against Kennedy for rent arrears in an amount not less than $2,400.00, with interest from December 1, 2017; (b) against Yakubov for rent arrears in an amount not less than $2,200.00, with interest from January 1, 2018; and (c) against Suleymanova for rent arrears in an amount not less than $2,600.00, with interest from November 1, 2017; and (2) an order and judgment that (a) the Occupants and all occupants residing within the Suleymanova Apartment, the Kennedy Apartment and the Yakubov Apartment be immediately ejected therefrom; and (b) the Trust be awarded exclusive possession of the Suleymanova Apartment, the Kennedy Apartment and the Yakubov Apartment.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Reformation of the Purported Malinowski 2017 Lease against Malinowski under New York Law)

137.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

138.    The Purported Malinowski 2017 Lease was founded upon a fraudulently induced unilateral mistake and is a direct result of Malinowski's breach of his fiduciary responsibilities to Halakewicz.

139.    The allegations set forth herein, including the clear motives behind Malinowski's efforts at forming their relationship and promising to take care of the elderly Halakewicz, undoubtedly rise to a level tantamount to fraud.

140.    Instead of honoring his promises, Malinowski, among other things, fraudulently induced Halakewicz to approve the Purported Malinowski 2017 Lease, which Malinowski prepared on his own, offering himself the outrageously discounted rental rate of $250 per month despite the prior legal rent of $1,115.64.

141.    By reason of the foregoing, the Trust is entitled to an order and judgment reforming the Purported Malinowski 2017 Lease.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Rent Arrears against Malinowski under New York Law)

142.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

143.    Irrespective of whether or not this Court is inclined to uphold the Purported Malinowski 2017 Lease, Plaintiffs are entitled to the rent arrears owed by Malinowski for the Malinowski Apartment from January 1, 2017 to the present.

144.    By reason of the foregoing, Plaintiffs are entitled to a money judgment against Malinowski for rent arrears in an amount to be determined by the Court, with interest from January 1, 2017.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Ejectment against Malinowski under New York Law)

145.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

146.    Due to Malinowski's failure to timely renew the Malinowski 2014 Lease under the mandates of the RSC, the Trust validly and effectively terminated Malinowki's tenancy at the Malinowski Apartment as of October 31, 2018.

147.    Malinowski remains in possession of the Malinowski Apartment and is wrongfully holding over beyond the Malinowski 2014 Lease termination date, as set forth in the Notice of Termination.

148.    In addition, Malinowski has failed to pay rent since January 1, 2017.

149.    By reason of the foregoing, the Trust is entitled to an order and judgment that: (a) Malinowski and all occupants residing within the Malinowski Apartment be immediately

ejected therefrom; and (b) the Trust be awarded exclusive possession of the Malinowski Apartment.

## AS AND FOR A TWELFTH CAUSE OF ACTION
**(Attorneys' Fees against Defendants under New York Law)**

150.    Plaintiffs repeat and reallege all of the allegations set forth above as if fully incorporated herein.

151.    Plaintiffs have incurred, and will continue to incur, legal fees, costs and disbursements in connection with Defendants' wrongful actions.

152.    As a result, Plaintiffs have been damages and are entitled to a judgment in an amount to be determined by the Court after a hearing or upon the submission of affidavits, but believed to be in excess of $15,000.00.

**WHEREFORE**, Plaintiffs demand judgment herein as follows:

1.    On their First Cause of Action, awarding money damages in favor of Plaintiffs and against Malinowski, in an amount not less than $500,000.00, the full amount of which shall be established at trial; and

2.    On their Second Cause of Action, awarding money damages in favor of Plaintiffs and against Malinowski, in an amount not less than $500,000.00, the full amount of which shall be established at trial; and

3.    On their Third Cause of Action, imposing a constructive trust in favor of Halakewicz and against Malinowski, the full amount of which shall be established at trial; and

4.    On their Fourth Cause of Action, issuing a permanent injunction enjoining and restraining Malinowski from utilizing Halakewicz's banking and credit card information and/or using monies rightfully belonging to Halakewicz, for any reason whatsoever, including, without limitation, funding Malinowski's defense of this Action.

5.    On their Fifth Cause of Action, rescinding the Purported Lease of the Occupants; and

6.      On their Sixth Cause of Action, awarding money damages in favor of the Trust and against Occupants, the full amount of which shall be established at trial; and

7.      On their Seventh Cause of Action, ejecting the Occupants from the Building and awarding the Trust exclusive possession of the Suleymanova Apartment, the Kennedy Apartment and the Yakubov Apartment; and

8.      On their Eighth Cause of Action, (a) awarding money damages in favor of the Trust and against Occupants, the full amount of which shall be established at trial, (b) ejecting the Occupants from the Suleymanova Apartment, the Kennedy Apartment and the Yakubov Apartment, and (c) awarding the Trust exclusive possession of the Suleymanova Apartment, the Kennedy Apartment and the Yakubov Apartment; and

9.      On their Ninth Cause of Action, reforming the Purported 2017 Malinowski Lease; and

10.     On their Tenth Cause of Action, awarding money damages in favor of Plaintiffs and against Malinowski, the full amount of which shall be established at trial; and; and

11.     On their Eleventh Cause of Action, (a) ejecting Malinowski from the Malinowski Apartment and (b) awarding the Trust exclusive possession of the Malinowski Apartment;

12.     On their Twelfth Cause of Action, awarding attorneys' fees, costs and disbursements in favor of Plaintiffs and against Defendants, in an amount believed to exceed $15,000.00; and

13.     Granting such other and further relief as the Court deems just and proper.

Dated:   New York, New York
          November 6, 2018

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Plaintiffs*

*Michael T Carr*

By: _____

733 Third Avenue
New York, New York 10017
(212) 867-6000