UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

VIRGINIA GELISH DREW, *as trustee of the* :     Index No. 18-cv-6310
ALEXANDER HALAKEWICZ TRUST and :
ALEXANDER HALAKEWICZ, *individually*, :
    :
               Plaintiff, :
    :     **<u>REPLY TO AMENDED</u>**
        - against - :     **<u>COUNTERCLAIM</u>**
    :
MIROSLAW MALINOWSKI a/k/a MIREK :
MALINOWSKI, EMMA SULEYMANOVA, :
BEATRICE KENNEDY and DMITRY YAKUBOV, :
    :
              Defendants. :

---------------------------------------------------------------- X

        Plaintiffs Virginia Gelish Drew ("Drew"), *as trustee of the* Alexander Halakewicz Trust,

and Alexander Halakewicz ("Halakewicz"), *individually* (Drew and Halakewicz shall be

collectively referred to as "Plaintiffs"), by and through their attorneys, Rosenberg & Estis, P.C.,

for their reply to the counterclaim (the "Counterclaim") contained in the Amended Answer of

defendant Miroslaw Malinowski a/k/a Mirek Malinowski ("Defendant"), dated March 25, 2019

(the "Amended Answer"), allege as follows:

        1.      In response to Paragraph 11 of the Amended Answer, Plaintiffs deny the allegations

set forth therein.

        2.      In response to Paragraph 12 of the Amended Answer, Plaintiffs deny the allegations

set forth therein.

        3.      In response to Paragraph 13 of the Amended Answer, Plaintiffs deny the allegations

set forth therein.

        4.      In response to Paragraph 14 of the Amended Answer, Plaintiffs deny the allegations

set forth therein.

5. In response to Paragraph 15 of the Amended Answer, Plaintiffs deny the allegations set forth therein.

6. Plaintiffs deny any other allegations contained in the Amended Answer not specifically delineated above, including, but without limitation, the Wherefore clause and prayer for relief contained therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The Counterclaim fails to state a cause of action upon which the relief sought can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. If an enforceable agreement existed between Halakewicz and Defendant (it did not), Defendant is estopped, by his acts and/or conduct, from recovering any of the relief claimed in the Counterclaim.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. If an enforceable agreement existed between Halakewicz and Defendant (it did not), Defendant has, by his acts and/or conduct, waived any right to recover the relief sought in the Counterclaim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. The Counterclaim is barred by Defendant's bad faith and unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. If an enforceable agreement existed between Halakewicz and Defendant (it did not), Defendant is barred from recovering the damages alleged in the Counterclaim because the amount thereof is the result of Defendant's fraudulent conduct.

RE\83547\0001\2684861v2

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.     If an enforceable agreement existed between Halakewicz and Defendant (it did not), Defendant failed to perform thereunder.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.     If an enforceable agreement existed between Halakewicz and Defendant (it did not), Halakewicz fully performed thereunder.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.     The Counterclaim may not be maintained pursuant to the doctrine of the statue of frauds.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.     If an enforceable agreement existed between Halakewicz and Defendant (it did not), the Counterclaim may not be maintained because of payment.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16.     If an enforceable agreement existed between Halakewicz and Defendant (it did not), the Counterclaim may not be maintained because Defendant, by his acts and/or conduct, released Halakewicz from any liability thereunder.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17.     If an enforceable agreement existed between Halakewicz and Defendant (it did not), Defendant is barred from recovering the damages alleged in the Counterclaim as a result of Defendant's failure to maintain proper licenses.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.     The Counterclaim is barred as a result of the undue influence Defendant exerted over Halakewicz and putting Halakewicz under duress.

- 3 -

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     If an enforceable power of attorney existed between Halakewicz and Defendant (it did not), Defendant is barred from recovering the damages alleged in the Counterclaim because Defendant breached his fiduciary duties and engaged in self-dealing.

**WHEREFORE**, Plaintiffs demand a judgment as follows:

A.     Dismissing the Counterclaim in its entirety; and

B.     Awarding Plaintiffs such other and further relief as this Court deems just and proper, including, without limitation, the relief sought in the Complaint and the costs and expenses incurred by Plaintiffs in connection with this action.

Dated:   New York, New York
         March 27, 2019

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Plaintiffs*


By:  *Michael T Carr*
733 Third Avenue
New York, New York 10017
(212) 867-6000



TO:     Drobenko & Associates, P.C.
        c/o Walter Drobenko, Esq.
        25-84 Steinway Street
        Astoria, New York 11103

- 4 -