UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
VIRGINIA GELISH DREW, *as trustee
of the Alexander Halakewicz
Trust*, and ALEXANDER HALAKEWICZ,


        Plaintiffs,

-against-                                   **MEMORANDUM & ORDER**
                                          18-CV-6310 (KAM)(SJB)
MIROSLAW MALINOWSKI,

        Defendant.
----------------------------------X
**MATSUMOTO, United States District Judge**:

        This action arises from a complaint filed just over a year ago by Virginia Gelish Drew, the sister and designated agent of Alexander Halakewicz ("Halakewicz"), that alleged twelve causes of action for breach of fiduciary duty, conversion, and constructive trust, among other things, and that sought damages, rent arrears, and ejectment of the tenants-defendants.[1] The complaint alleged that Malinowski systematically and continuously exploited the elderly Halakewicz, who suffered from Alzheimer's, from approximately 2016 until approximately February 2018, when the building

---

[1] The other three defendants were terminated on March 6, 2019, pursuant to a so-ordered settlement agreement, leaving only the defendant, Miroslaw Malinowski ("Malinowski" or the "defendant"), active in the suit. (ECF No. 32, Order Dismissing Parties re: Stipulation of Settlement.)

1

previously owned by Halakewicz was conveyed to a trust.  (ECF No. 2, Complaint ¶¶ 20-36.)

## BACKGROUND

Following several months of discovery, and in response to Magistrate Judge Bulsara's order, defense counsel submitted a letter to the court, attaching an executed Stipulation of Settlement (the "Stipulation"), Surrender Notice for the subject apartment, a Judgment and Order of Ejectment and Writ of Assistance, and an executed and notarized Affidavit of Confession of Judgment.  (ECF No. 42, Letter Showing Cause Why Sanctions Should Not Be Issued Against Defendant Malinowski for Failing to Appear for the 8/23/19 Conference.)  On September 30, 2019, this court so-ordered the parties' Stipulation.  (ECF No. 47, Stipulation and Order.)  Pursuant to the court's docket order, the parties were ordered to inform the court whether Malinowski had complied with the terms of the Stipulation by November 4, 2019.  (*Id*.)  On November 4, 2019, plaintiffs' counsel informed the court via letter that defendant had "failed to surrender Apartment 2F [] in strict compliance with the parties' so-ordered Stipulation," specifically noting that Malinowski did not deliver "Vacant Possession" of the apartment on or before October 31, 2019; did not submit a signed Surrender

Notice until November 1, 2019 at 4:00 p.m.; and failed to deliver the apartment in "good and broom clean condition, free and clear of all personal property." (ECF No. 48, Letter with Attachments.) Plaintiffs attached numerous photographs, reflecting the condition of the apartment on November 1, 2019, one day after Malinowski was contractually obligated, pursuant to the Stipulation, to leave the apartment in "good and broom clean condition, free and clear of all personal property." (ECF No. 48, Att. C.) The photographs show numerous items of personal property, including furniture, garbage bags, and kitchen supplies in various rooms in the premises.

After reviewing plaintiffs' counsel's letter, including the Surrender Notice, which was dated November 1, 2019, the above-referenced photographs, and the terms of the so-ordered Stipulation, the court ordered on November 5, 2019 that the Clerk of Court enter judgment against Malinowski, in the amount of $191,000.00, plus interest, costs, and disbursements, pursuant to the Affidavit of Confession of Judgment and the incorporated Stipulation, and terminate any pending motions as moot. (Dkt. Order dated 11/5/2019 ("Order").) On November 6, 2019, judgment was duly entered against Malinowski by the Clerk of Court. On November 5, 2019, defense counsel filed a letter

motion seeking to vacate the court's order ("Motion to Vacate"), dated November 5, 2019, alleging that plaintiffs' letter "inaccurately [set out] the facts." (ECF No. 49, Letter Application / Motion to Vacate the Court's Order Docketed on November 5, 2019.) The Motion to Vacate claimed, *inter alia*, that "[Malinowski] did in fact vacate the apartment on October 31, 2019, and . . . the only ministerial thing left was to drop off the key to the management company, which the Defendant did on November 1, 2019." (*Id*.) Additionally, the Motion to Vacate attached Affidavits of Malinowski and two witnesses who allegedly helped Malinowski move out of the apartment (collectively, the "Affidavits"), plus the Surrender Notice dated November 1, 2019. (*Id*. at 3-8.) The Affidavits are consistent in that they claim that Malinowski completed the move on October 31, 2019 at 11:00 p.m. (*Id*.) Crucially, Malinowski's Affidavit states that Malinowski did not turn the apartment keys over to building management or sign the Surrender Notice until November 1, 2019. (*Id*., Affidavit of Miroslaw Malinowski ¶¶ 12-14.) Malinowski did not challenge the authenticity of the photographs provided by plaintiffs' counsel concerning the condition of the apartment on November 1, 2019, and the court has no reason to doubt that the photographs

4

accurately reflected the condition of the apartment. Malinowski, however, contends in his Affidavit that the personal property that was to be cleared out of the premises on or before October 31, 2019 was not his property, but the property of Halakewicz. (ECF No. 49, Motion to Vacate, Malinowski Aff. ¶ 3.)

Because the Motion to Vacate raised certain factual disputes concerning the involvement of the building manager as plaintiff's agent, Malinowski's deficient grasp of the English language, and the various furniture items and other personal property left at the apartment, the court, out of an abundance of caution, directed the plaintiffs to respond to the defense's motion, by no later than November 12, 2019. (Dkt. Entry dated 11/5/2019.) On November 12, 2019, plaintiffs' counsel filed a letter opposing the defendant's Motion to Vacate ("Opposition"). (ECF No. 51, Letter and Exhibits.) In the Opposition, plaintiffs' counsel asserted that Malinowski had breached the clear terms of the Stipulation, which were negotiated and finalized with defendant and his counsel, and that the excuses made by Malinowski "provide absolutely no basis" for the court to vacate the judgment. (*Id*. at 2.) Furthermore, the Opposition attached two declarations, of (1) Phyllis Jordan, an

5

employee with Balis Realty Corp., the property manager for the subject apartment building; and (2) Tadeusz Z. Wozniak, an "Enrolled Agent" who works across the street from Balis Realty Corp. (*Id.*)  According to Ms. Jordan's and Mr. Wozniak's declarations, Malinowski did not, in fact, vacate the subject apartment until the afternoon of November 1, 2019; he and certain of his acquaintances were seen moving items within the building and occupying the subject apartment on November 1, 2019. (*Id.*, Decl. of Phyllis Jordan ¶¶ 6-10; Decl. of Tadeusz Z. Wozniak ¶¶ 3-8.)

## DISCUSSION

### 1. Legal Standard

While the Motion to Vacate was not expressly brought pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"), the court considers the motion in the context of that rule.  Federal Rule of Civil Procedure 60(b)(6) allows a district court to relieve a party from a final judgment or order for "mistake"; "newly discovered evidence"; "fraud"; a void judgment; a satisfied, released, or discharged judgment; or "any other reason that justifies relief."  *See* Fed. R. Civ. P. 60(b)(6).  "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell ex rel. Viacom, Inc.*

*v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Rule 60(b) motions are generally disfavored, *see Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004), and thus, the rule is "properly invoked only when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship," *see Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). "Rule 60(b) is designed to strike a balance between the interests of fairness and the finality of judgments; nevertheless, final judgments should not be lightly reopened." *Velez*, 203 F. Supp. 2d at 333 (quoting *Nemaizer*, 793 F.2d at 61) (internal quotations omitted). The burden of proof is on the party seeking relief from the order or judgment. *See Pichardo*, 374 F.3d at 55; *see also Nemaizer*, 793 F.2d at 63 ("When the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits [] the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal.").

"A failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief under Rule 60(b)(6)." *United States v. Bank of New York*, 14 F.3d 756, 760 (2d Cir. 1994); *see also Wagner Spray Tech Corp. v. Wolf*, 113 F.R.D. 50, 51 (S.D.N.Y. 1986) ("[The movant's] interest in undoing the results of a litigation strategy which, in hindsight, appears unwise

7

fails to outweigh the judiciary's interest in the finality of judgments."). A party cannot use Rule 60(b) to undo the "legal consequences of a stipulation [with prejudice] simply because, with the benefit of hindsight, stipulating turns out to have been an unfortunate tactic." *Nemaizer*, 793 F.2d at 59-60, 63-64.

   **2. Application**

At the outset, the court notes that neither party disputes that the so-ordered Stipulation has full force and effect. "Strict enforcement of [the] parties' stipulation, including award of money judgment [] is warranted based upon [the] principle that parties to [a] civil dispute are free to chart their own litigation course[.]" *Mill Rock Plaza Assocs. V. Lively*, 224 A.D.2d 301 (1st Dep't 1996).

The Stipulation, as incorporated by Malinowski's Affidavit of Confession of Judgment, provides explicitly that "Malinowski shall surrender the Malinowski Apartment by delivering . . . **on or before the Vacate Date** [of October 31, 2019]: (a) all keys for the Building, the Malinowski Apartment, any other apartments in the Building, and mailbox(es) at the Building, each such key clearly labeled; and (b) a fully executed notice in the form annexed hereto as Exhibit 'A' (the 'Surrender Notice') confirming that Malinowski has vacated Malinowski Apartment and is delivering 'Vacant Possession'

thereof to Plaintiff Drew, as Trustee." (ECF No. 47, Stipulation ¶ 4 (emphasis added).) "Vacate Date" is clearly defined in the Stipulation as October 31, 2019. (*Id.* ¶ 2.)

First, as reflected in both parties' recent submissions to the court, Malinowski failed to deliver an executed Surrender Notice and the apartment keys to building management on or before October 31, 2019, pursuant to the Stipulation. On the contrary, Malinowski executed the Surrender Notice and surrendered the apartment keys on November 1, 2019, after the Vacate Date. (ECF No. 48, Letter, and ECF. No. 49, Motion to Vacate.)

Second, the Stipulation defines "Vacant Possession" as "actual and legal possession of the Premises, in good and 'broom-clean' condition, normal wear and tear excepted, free and clear of all occupants and claims to or against the Malinowski Apartment, and free and clear of all personal property." (ECF No. 47, Stipulation ¶ 4.) Based on plaintiff's photographs of the apartment, which were taken on November 1, 2019, after the Vacate Date, the authenticity of which Malinowski has not disputed, the apartment appeared to be littered with garbage and other personal property throughout, as opposed to in "good and broom-clean condition. . . free and clear of all personal property." (ECF No. 48, Att. C.) While a few factual disputes

9

remain, particularly in regard to whether the furniture left in the apartment belonged to Malinowski, the court finds that any existing factual issues are immaterial to the failure of the defendant to comply with the Stipulation and his pending Motion to Vacate and, therefore, need not be resolved.

## CONCLUSION

For the foregoing reasons, the court finds that the defendant has failed to establish any extraordinary circumstance under Rule 60(b)(6) by adequately demonstrating any ground justifying relief. Accordingly, the court respectfully denies Malinowski's Motion to Vacate.

**SO ORDERED.**

Dated: November 13, 2019
       Brooklyn, New York

                                        _____/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge